UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN K.,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. C18-1654 RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff appeals the ALJ's decision finding him not disabled. Dkt. 10. The ALJ found affective disorder, anxiety disorder and obesity are severe impairments; plaintiff has the residual functional capacity (RFC) to perform medium level work subject to additional limitations; and plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 17-27.

Plaintiff contends the ALJ erroneously rejected the opinions of examining doctors Anthony DiGirolamo, M.D. and Jason Prinster, Ph.D., plaintiff's testimony, and a statement provided by plaintiff's mother. Dkt. 10 at 1-2. For the reasons below, the Court recommends **REVERSING** the case and **REMANDING** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.      Medical Evidence**

Plaintiff argues the ALJ failed to properly evaluate the opinions of examining doctors Anthony DiGirolamo, M.D. and Jason Prinster, Ph.D. The ALJ must give specific and legitimate reasons for rejecting an examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting an examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

*1.      Dr. DiGirolamo*

In October 2015, Dr. DiGirolamo completed an independent physical examination of plaintiff. Tr. 419. The ALJ gave significant weight to the doctor's opinion that plaintiff could perform medium level work and determined plaintiff retained the RFC to stand or walk six hours in an eight-hour work day and could also sit for same period of time. Tr. 19. However, the ALJ rejected Dr. DiGirolamo's opinion "[t]he claimant would do best if he could alternate standing and sitting on an every 30 to 45 minute basis. He is limited by obesity with knee pain." Tr. 422. The ALJ rejected this limitation on the grounds "Dr. Digirolamo did not cite a specific finding that supports this assertion." Tr. 23.

The Commissioner argues the ALJ may validly reject a medical opinion that conflicts with the doctor's own treatment notes. Dkt. 11 at 8. The ALJ may discount a medical opinion where there is a conflict between the doctor's treatment notes and the doctor's opinions. *See e.g., Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). However, the ALJ errs by simply making the conclusory determination that a doctor's opinions are contradicted by the doctor's treatment notes. *See Trevizo v. Berryhill*, 871 F.3d 664-676-77 (9th Cir. 2017) (The ALJ's conclusory determination the doctor's opinion was contradicted by treatment notes and the ALJ's

1  reliance on the mildness of plaintiff's thoracic degenerative disc disease is legally insufficient).

2  Here, the ALJ rejected Dr. DiGirolamo's in a conclusory fashion and thus erred.

3  Moreover, substantial evidence does not support the ALJ's conclusory determination. Dr.

4  DiGirolamo noted plaintiff's reports that obesity limits his abilities; that he has dyspnea on

5  exertion and can walk 15 minutes before becoming severely short of breath; that he has bilateral

6  knee with walking and stiffness when sitting; and that plaintiff is 5 feet 1 inches in height and

7  weighs 359.6 pounds. Tr. 420. Dr. DiGirolamo further noted plaintiff required assistance getting

8  off the exam table from a supine position. Tr. 421. The doctor found plaintiff has a physical

9  impairment including obesity with bilateral knee pain; restricted range of motion in both knees

10  and that plaintiff's knee pain "is often seen in persons with claimant's extent of obesity." Tr.

11  422. These findings support Dr. DiGirolamo's opinion that plaintiff would do best if he could

12  alternate standing and sitting on an every 30 to 45 minute basis. Hence, the ALJ's finding the

13  doctor's findings are unsupported is contrary to the evidence. Because the ALJ's finding is not

14  supported by substantial evidence the ALJ erred.

15  The Commissioner also argues that under *Rounds v. Comm'r of Soc. Sec. Admin.*, 807

16  F.3d 996, 1006 (9th Cir. 2015), the ALJ did not err because Dr. Digirolamo's opinion does not

17  set forth a limitation and is merely a recommendation. There are two flaws with this argument.

18  First, in *Rounds,* the claimant argued the ALJ erred "by ignoring some of Dr. McKenna's

19  'treatment recommendations.'" *Id*. Thus in *Rounds*, there was no dispute that what was at issue

20  was a recommendation, not an opinion about a limitation. In contrast, Dr. DiGirolamo opined

21  "[t]he claimant would do best if he could alternate standing and sitting on an every 30 to 45

22  minute basis. He is limited by obesity with knee pain."  This is not a "recommendation"; instead,

23  the doctor provided this opinion under the heading "FUNCTIONAL ASSESSMENT OF

REPORT AND RECOMMENDATION - 3

1  ABILITY TO WORK." Tr. 422. Thus the only reasonable interpretation of Dr. Digirolamo's

2  opinion is that he was setting forth a functional limitation, not merely making a

3  "recommendation."

4  And second, the ALJ did not reject Dr. Girolamo's opinion regarding the need to sit and

5  stand alternatively on a 30-45 minute basis on the grounds the opinion set forth a

6  "recommendation," not a limitation. The Commissioner's argument is consequently an improper

7  post-hoc rationalization the Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249

8  F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's decision "based on the reasoning

9  and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the

10 adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir.

11 1995).

12 The Court accordingly concludes the ALJ erred. The error is harmful because in

13 assessing plaintiff's RFC, the ALJ must consider the limitations and restrictions caused by the

14 his medically determinable impairments, including any related symptoms. SSR 96-8p. The ALJ

15 must also must properly assess all the relevant evidence to determine what capacity plaintiff has

16 for work. See 20 C.F.R. § 416.945(a). Here, the ALJ harmfully erred because the RFC

17 determination fails to account for Dr. Digirolamo's opinion that plaintiff needs to alternate

18 between sitting and standing every 30 to 45 minutes.

19 *2.    Dr. Prinster*

20 Dr. Prinster performed a psychiatric evaluation of plaintiff in November 2015. Tr. 426.

21 The ALJ discounted the doctor's opinion that plaintiff has "severe and unmanaged anxiety

22 symptoms, that render him incapable of adapting his routine to a part-time or full-time work

23 schedule and prevent him from participating in activities have a social or interpersonal

REPORT AND RECOMMENDATION - 4

1  component." Tr. 24 (citing Tr. 29).  The ALJ noted Dr. Prinster supported his opinion by his

2  observations that plaintiff made little eye-contact, was sweating profusely and was agitated. *Id.*

3  The ALJ found these observations were inconsistent with the longitudinal record and thus not

4  indicative of plaintiff's "baseline condition." *Id.*

5  Plaintiff contends, essentially, that the ALJ's finding is not supported by substantial

6  evidence, and instead is based upon selecting only portions of the record. Dkt. 10 at 10-13. An

7  ALJ may not "cherry-pick" from mixed results to support a denial of benefits. *Garrison v.*

8  *Colvin*, 759 F.3d 995, 1018 n. 23 (9th Cir. 2014) (quoting *Scott v. Astrue*, 647 F.3d 734, 739-40

9  (7th Cir. 2011). Here, plaintiff notes that ALJ omitted the fact plaintiff reported significant

10  symptoms to his treating doctor Aaron Moore, M.D., and was seen by his doctor numerous

11  times; that the ALJ discussed how Dr. Moore noted in January 2015 plaintiff's anxiety was

12  reasonably controlled but omitted the doctor's finding that plaintiff had a panic attack before

13  Christmas and the next day was really down; that Dr. Moore noted plaintiff was sleeping too

14  much and spending too much time alone; that Dr. Moore noted in March 2015 plaintiff had a bad

15  month, had a couple days of energy but showed a decline in social activity; that the doctor in

16  June 2015 noted plaintiff had been down for weeks and was anxious during examination; that

17  plaintiff had severe depression in August 2015 which the ALJ found was unusual given

18  plaintiff's history above; that in February 2016, Dr. Moore noted plaintiff had been very

19  depressed since Christmas, stayed in bed, did not want to see people, missed appointments and

20  was anxious; and how in March 2017, the doctor described plaintiff as anxious, that it was

21  difficult for plaintiff to leave his home and that he was fearful and agoraphobic. Dkt. 10 at 12-13.

22  The Commissioner does not contest plaintiff's recitation of the medical record. Dkt. 11 at

23  9-10. Rather the Commissioner merely contends the ALJ is entitled to discount a medical

opinion "if it is inconsistent with the medical records." *Id.* at 10. The contention has merit only if the record shows the doctor's opinion is inconsistent with the medical record, which is not the case here. Rather, as highlighted by plaintiff, the ALJ's finding was based upon a selective view of the record, a view that largely side-stepped evidence that plaintiff has long suffered from serious depression and anxiety. Viewing the record in its entirety and objectively, the ALJ's conclusion that the longitudinal record undercuts Dr. Prinster's opinion is not supported by substantial evidence and the ALJ accordingly erred.

The Court notes and rejects the Commissioner's contention that the ALJ reasonably rejected Dr. Prinster's opinion because non-examining doctor Barney Greenspan, Ph.D. opined plaintiff could perform gainful work activity. Dkt. 11 at 10. The ALJ did not reject Dr. Prinster's opinion on this basis and the contention is an impermissible post hoc argument that the Court declines to adopt. Additionally, the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining doctor, and hence if the ALJ had rejected Dr. Prinster's opinion as contradicted by Dr. Greenspan's, the ALJ would have committed legal error. *See e.g., Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In sum the ALJ erred in rejecting Dr. Prinster's opinion. The error was harmful because the RFC determination failed to account for the full extent of plaintiff's limitations.

**B.    Plaintiff's Testimony**

Plaintiff contends the ALJ erroneously rejected his testimony.  If there is no evidence of malingering, the ALJ may reject plaintiff's testimony about the severity of his symptoms only by making specific findings stating clear and convincing reasons supported by substantial evidence

1  for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996); *Rollins v. Massanari*, 261
2  F.3d 853, 857 (9th Cir. 2001).
3        The ALJ rejected plaintiff's testimony about the severity of his symptoms for several
4  reasons. First the ALJ found plaintiff's testimony was contradicted by the medical evidence. Tr.
5  21-22. However, as discussed above, the ALJ erred in focusing only on certain portions of the
6  medical record and erred in rejecting Dr. Prinster's opinion about the severity of plaintiff's
7  mental health symptoms. The ALJ also erred in failing to account for Dr. DiGirolamo's opinion
8  that plaintiff must alternate between standing and sitting every 30-45 minutes. Accordingly, the
9  Court concludes the ALJ erred in discounting plaintiff's testimony as inconsistent with the
10 medical record.
11       The ALJ also rejected plaintiff's testimony on the grounds it was inconsistent with his
12 activities and abilities. Tr. 22-23. The ALJ rejected plaintiff's testimony about concentration
13 problems because plaintiff enjoys watching TV, makes his own food, plays video games and
14 enjoys the internet. None of these activities rationally undercut plaintiff's testimony and the
15 ALJ's finding is thus not supported by substantial evidence.
16       The ALJ also rejected plaintiff's testimony about his social isolation because he reported
17 once that he gets along with his siblings, enjoys playing online video games, goes shopping for
18 his food (avoiding busy hours) and felt better after going to the dentist and socializing. None of
19 these activities rationally undercut plaintiff's testimony. Getting along with siblings and playing
20 online games do not contradict plaintiff's pattern of social isolation. Plaintiff shops for food but
21 only during non-busy hours. This tends to support his claims about fears of being out and about.
22 And the fact plaintiff feels better after he goes out or socializes does not establish that he in fact
23 leaves his house with any regularity. The Court concludes the ALJ's finding is thus not

REPORT AND RECOMMENDATION - 7

supported by substantial evidence and that the ALJ failed to provide clear and convincing reasons the reject plaintiff's testimony.

**C.    Mother's Statement**

Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing do. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for disregarding lay witness testimony must be specific. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ rejected the testimony of plaintiff's mother for the same reasons the ALJ rejected plaintiff's testimony about the severity of his symptoms. Tr. 25. However, as discussed above the ALJ erred in rejecting plaintiff's testimony. The ALJ thus similarly erred in rejecting the testimony of plaintiff's mother.

**D.    Scope of Remand**

Plaintiff requests the Court remand the case for payment of benefits. Dkt. 10 at 17. The Court declines to recommend an award of benefits because it is not satisfied that "further administrative proceedings would serve no useful purpose." The ALJ must first reevaluate the medical opinion evidence and resolve conflicts in the medical records regarding the level of Plaintiff's limitations, before re-determining Plaintiff's residual functional capacity and determining if there are in fact, jobs existing in sufficient numbers in the national economy that Plaintiff can perform. *See, Treichler v. Colvin*, 775 F.3d 1090, 1099 (9th Cir. 2014) (A remand for an immediate award of benefits is appropriate only in rare circumstances.).

**CONCLUSION**

For the foregoing reasons, the Court recommends the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under

1 sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Drs.

2 Digirolamo and Prinster, and the testimony of plaintiff and his mother; develop the record and

3 redetermine plaintiff's RFC as needed; and proceed to step five of the disability evaluation

4 process.

5     A proposed order accompanies this Report and Recommendation. Any objection to this

6 Report and Recommendation must be filed and served no later than **May 7, 2019.** If no

7 objections are filed, the Clerk shall note the matter for **May 10, 2019** as ready for the Court's

8 consideration. If objections are filed, any response is due within 14 days after being served with

9 the objections. A party filing an objection must note the matter for the Court's consideration 14

10 days from the date the objection is filed and served. Objections and responses shall not exceed

11 ten pages. The failure to timely object may affect the right to appeal.

12     DATED this 23rd day of April, 2019.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9